IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BERNARD J. KILEY,** | : | |
| Petitioner | : | CIVIL NO. 1:CV-12-01266 |
| v. | : | (Judge Rambo) |
| **WARDEN MONICA RECTENWALD,** | : | |
| Respondent | : | |

# MEMORANDUM

Petitioner Bernard J. Kiley ("Kiley"), an inmate currently incarcerated at the Federal Correctional Institution at Allenwood ("FCI-Allenwood") in White Deer, Pennsylvania, has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Kiley is challenging his 540-month sentence imposed by the United States District Court for the District of Massachusetts. (Doc. 1.) That court enhanced his sentence pursuant to the Armed Career Criminal Act of 1994 ("ACCA"), 18 U.S.C. § 924(e).[1] Kiley argues that his prior conviction for assault and battery does not qualify him for classification as a career offender and therefore he is "not guilty"

---

[1] The ACCA authorizes an enhanced penalty for a person who violates § 922(g) and who "has three previous convictions" for "a violent felony." The ACCA defines "violent felony" as any crime punishable by more than one year's imprisonment that "has as an element the use, attempted use, or threatened use of physical force against the person of another," or is "burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." *See* 18 U.S.C. § 924(e)(2)(B)(i) and (ii).

of the sentence imposed. For the reasons that follow, the petition will be dismissed for lack of jurisdiction.

I. **Background**

In two separate jury trials conducted in 1994, Kiley was convicted in the United States District Court for the District of Massachusetts of multiple counts of conspiracy, aiding and abetting, use of firearms in relation to a crime of violence, and possession of a firearm by a convicted felon for his participation in stealing $1.2 million from an armored vehicle with two other masked and armed men on April 9, 1991. *United States v. Procopio*, 88 F.3d 21, 23 (1st Cir. 1996). The United States Court of Appeals for the First Circuit affirmed the convictions, and the United States Supreme Court denied certiorari. *Id*.; *Kiley v. United States*, 519 U.S. 1138 (1997).

On August 14, 1997, Kiley filed a motion to vacate his federal sentence pursuant to 28 U.S.C. § 2255. *Kiley v. United States*, 260 F. Supp. 2d 248 (D. Mass. 2003). Included in a supplement to his motion was a claim that he was improperly sentenced as an armed career criminal under the ACCA. *Id*. at 275-281. Specifically, Kiley claimed that the government failed to prove that the guilty pleas for two of his

2

previous convictions were knowingly and intelligently given and that his assault and battery conviction was a "violent felony" under the ACCA. *Id*. at 275-76.

The sentencing court denied Kiley's § 2255 motion. *Id*. On the issue of using the assault and battery conviction as a predicate offense for purposes of sentence enhancement under the ACCA, the court noted that Kiley had correctly argued that, in Massachusetts, not all assault and battery convictions involve actual or potential physical harm. *Id*. at 278. However, since Kiley was *collaterally attacking* the court's use of the assault and battery conviction as a valid ACCA predicate, the burden of establishing that the conviction is not a valid ACCA predicate was placed on Kiley rather than the government. *Id*. Considering Kiley's claim as one of ineffective assistance of counsel, the court determined that Kiley failed to submit evidence showing that his assault and battery conviction was of the non-violent type. *Id*. at 278-79. In doing so, the court noted:

> Kiley neither alleges nor submits evidence that his Massachusetts assault and battery conviction was of the non-violent variety. Instead, Kiley places his complete faith in the fact that the government failed to prove the conviction was the violent variety. The Court finds it is insufficient to argue that Kiley's attorney should have put the government to test in establishing the violent nature of the felony without actually showing that the result of the sentencing proceeding would have been different. In other words, Kiley must now show either that the conviction was of the non-violent variety or that, had the government been put to the task, it would have failed to show that the assault and battery conviction was of

3

the violent type. A glance at the facts before the Court reinforces that Kiley's position is untenable: Kiley's own trial attorney attests that he discussed the ACCA findings in the PSI, and recalls that Kiley told him that the assault and battery conviction was of the violent type.[2]

*Id.* at 279.

On July 1, 2011, Kiley moved for the issuance of a writ of *audita querela* in the Massachusetts district court, again challenging the use of his prior assault and battery conviction as a predicate offense under the ACCA. (Doc. 7-1, Ex. 1, *Kiley v. United States*, No. 3:93-CR-30017 (D. Mass.) (Doc. 325).) The court denied relief on September 7, 2011, noting that it construed Kiley's writ to be a successive § 2255 motion. (Doc. 7-1, Ex. 2, Docket Sheet for *Kiley*, No. 3:93-CR-30017, Docket Entry, Sept. 7, 2011.)

On January 19, 2012, Kiley petitioned the First Circuit Court of Appeals for permission to file a second or successive § 2255 motion on the basis that his prior assault and battery conviction did not constitute a crime of violence under the ACCA. (Doc. 7-1, Ex. 3, *Kiley v. United States*, No. 12-1113 (1st Cir.), Motion.) The First

---

[2] The sentencing court noted that the government opposed Kiley's § 2255 motion with an affidavit of Kiley's trial attorney, who discussed the accuracy of the pre-sentence report and the validity of the predicate convictions with Kiley prior to sentencing. *See Kiley*, 260 F. Supp. 2d at 279 n.24.

4

Circuit denied the motion on February 13, 2012. (Doc. 7-1, Ex. 4, *Kiley*, No. 12-1113, Judgment.)

On March 26, 2012, Kiley filed a motion for relief from final judgment pursuant to Federal Rule of Civil Procedure 60(b) in the Massachusetts district court, again challenging the use of the assault and battery conviction as a predicate offense under the ACCA. (Doc. 7-1, Ex. 5, *Kiley*, No. 3:93-CR-30017 (D. Mass.) (Doc. 333).) The court dismissed the motion on June 27, 2012, finding it untimely and representing another attempt to present a successive § 2255 motion. (Doc. 7-1, Ex. 2, Docket Sheet for Kiley, No. 3:93-CR-30017, Docket Entry, June 27, 2012.)

On July 2, 2012, Kiley filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) By order dated July 31, 2012, the court directed service of the petition. (Doc. 5.) Respondents filed a response on August 20, 2012. (Doc. 7.) Kiley filed a traverse on August 29, 2012. (Doc. 8.) Thus, the instant petition is ripe for disposition.

II. **Discussion**

In his § 2241 petition, Kiley's attempt to challenge his 540-month federal conviction and sentence relies on *Johnson v. United States*, 559 U.S. 133 (2010), a

case in which the Supreme Court held that the Florida felony offense of battery does not have as an element the use of physical force against another, and therefore does not constitute a violent felony under § 924(e)(1). Kiley maintains that his assault and battery conviction cannot be used to qualify him as an armed career criminal and enhance his sentence.

Federal prisoners seeking post-conviction relief are required to bring their collateral attacks challenging the validity of their criminal conviction or sentence through a petition under 28 U.S.C. § 2255, not 28 U.S.C. § 2241. *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). A prisoner may seek relief under § 2241 only if the remedy provided by § 2255 is "inadequate or ineffective" to test the legality of his detention. *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002); *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002). This is permissible "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle*, 290 F.3d at 538. This "safety valve" was intended to be extremely narrow and applied only in rare circumstances, and not intended to allow prisoners to evade procedural requirements. *Id*. at 539; *Dorsainvil*, 119 F.3d at 248-49. Hence, § 2255 is not inadequate or ineffective "merely because the sentencing

6

court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent requirements of . . . § 2255." *Cradle*, 290 F.3d at 539. If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971).

In the instant petition, Kiley argues that he is actually innocent of being a career offender for purposes of his sentence enhancement, and that his claims are properly brought under § 2241 pursuant to *Dorsainvil*. However, in *Dorsainvil*, the Third Circuit held that relief under § 2241 is permissible where a subsequent statutory interpretation renders a petitioner's conduct no longer criminal. *Dorsainvil*, 119 F.3d at 251-52. Kiley has not alleged that he is actually innocent of the crime for which he was convicted, but rather that his offense should not be categorized as a crime of violence. Because he limits his challenge to allegations that his sentence was improperly calculated based on his career offender status, the exception in *Dorsainvil* is not applicable, and relief under § 2241 is not available. *Okereke*, 307 F.3d at 120-21 (holding that a petitioner is barred from proceeding under § 2241 because his argument was based on sentencing and did not render the crime he was convicted of not criminal). Thus, the court concludes that a § 2255 motion is an adequate and

7

effective remedy for Kiley to raise his instant claim that his assault and battery conviction in Massachusetts was not an act of violence and, thus, that the conviction could not be used as a predicate offense for career offender purposes. *See Jenkins v. Rectenwald*, 2012 WL 4103814, at * 5 (M.D. Pa. May 4, 2012) (district court denies § 2241 petition claiming simple assault conviction did not involve violence and therefore cannot be used as predicate offense for career offender purposes by concluding that § 2255 is the remedy to challenge a sentence including a career offender enhancement); *United States v. Williams*, No. 05-10195, 2012 WL 2149823, (D. Mass. Mar. 22, 2012) (district court denies § 2255 motion asserting defendant's offense of conviction is not a crime of violence under *Johnson*, and therefore he was sentenced incorrectly as a career offender); *United States v. Branham*, 2011 WL 6412238, at * 1 (E.D. Pa. Dec. 12, 2011) (district court denies § 2255 motion challenging defendant's sentence claiming that he should not have received the career offender enhancement to his sentence "because in *Johnson* . . . , the U.S. Supreme Court created new substantive law suggesting that not every simple assault is a crime of violence for the purposes of Guideline § 4B1.1, and that in order to qualify as such, the record must categorically reflect that the assault constituted a crime of violence"); *Middleton v. Ebbert*, Civ. 1:CV-10-2154, 2011 WL 4048777, at * 4 (M.D. Pa. Sept.

12, 2011) (dismissing § 2241 petition for lack of jurisdiction that challenged a sentence on the basis that a prior conviction for battery does not qualify as a "crime of violence" under *Johnson* and therefore cannot be used to qualify petitioner as armed career criminal for purposes of sentence enhancement).

## III. Conclusion

Based on the foregoing discussion, Kiley's petition for writ of habeas corpus pursuant to § 2241 will be dismissed for lack of jurisdiction.

An appropriate order will issue.

               s/Sylvia H. Rambo
               United States District Judge

Dated: February 8, 2013.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**BERNARD J. KILEY,**

    Petitioner

v.

**WARDEN MONICA RECTENWALD,**

    Respondent

CIVIL NO. 1:CV-12–1266

(Judge Rambo)

# O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1) The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** for lack of jurisdiction.

2) The Clerk of Court is directed to **CLOSE** this case.

                                      s/Sylvia H. Rambo
                                    United States District Judge

Dated: February 8, 2013.