IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BERNARD J. KILEY,** | : | **CIVIL NO. 1:12-CV-1266** |
| Petitioner | : | (Judge Rambo) |
| v. | : | |
| **WARDEN MONICA RECTENWALD,** | : | |
| Respondent | : | |

# **M E M O R A N D U M**

Before the court is Petitioner Bernard Kiley's motion for reconsideration of the court's memorandum and order of February 8, 2013 (Doc. 9), denying Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Doc. 10). For the reasons that follow, the instant motion (Doc. 10) will be denied.

## I. **Background**

Petitioner, an inmate incarcerated at the Federal Correctional Institution at Allenwood ("FCI-Allenwood"), in White Deer, Pennsylvania, initiated this action with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on July 2, 2012. (Doc. 1.) In his petition, Petitioner challenged his 540-month sentence imposed by the United States District Court for the District of Massachusetts. That court enhanced his sentence pursuant to the Armed Career Criminal Act of 1994 ("ACCA"), 18 U.S.C. § 924(e). Petitioner argued that his prior conviction for assault and battery does not

qualify him for classification as a career offender and therefore he is "not guilty" of the sentence imposed.

After considering the habeas petition and response thereto, the court dismissed the petition for lack of jurisdiction. (Doc. 9.) Specifically, the court noted that the sentencing court had previously denied a § 2255 motion, a motion for a writ of *audita querela*, and a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). The court also noted that the First Circuit Court of Appeals denied Petitioner's motion to file a second or successive § 2255 motion. Further, the court noted that Petitioner's reliance on *Johnson v. United States*, 559 U.S. 133 (2010), to support his claim that a "felony offense of battery [that] does not have as an element the use of physical force against another . . . does not constitute a violent felony under § 924(e)(1)." (Doc. 9 at 6.) However, the court concluded that because "[f]ederal prisoners seeking post-conviction relief are required to bring their collateral attacks challenging the validity of their criminal conviction or sentence through a petition under 28 U.S.C. § 2255, not 28 U.S.C. § 2241," (Doc. 9 at 6), it lacked jurisdiction over this action because Petitioner's prior challenges to his sentence enhancement were not "inadequate or ineffective" to test the legality of his sentence, (*id*. at 7-8).

Consequently, Petitioner has filed the instant motion for reconsideration. (Doc. 10.) In his motion, Petitioner again argues that *Johnson* supports his contention that his prior conviction cannot be used to enhance his federal sentence, and disputes the court's conclusion that he cannot pursue his claim via 28 U.S.C. § 2241 because "a §

2

2255 motion is an adequate and effective remedy for [Petitioner] to raise his instant claim that his assault and battery conviction in Massachusetts was not an act of violence and, thus, that the conviction could not be used as a predicate offense for career offender purposes." (*See* Doc. 9 at 7-8.) After careful review, the court will deny the motion for reconsideration.

## II. Discussion

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within twenty-eight (28) days of entry. Fed. R. Civ. P. 59(e). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Said another way, a judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v.*

*Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citation omitted). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, No. 1:05-CV-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, reconsideration of judgment is an extraordinary remedy, and such a motion should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

Applying the standard used when a party seeks reconsideration, the court concludes that Petitioner has not demonstrated any of the applicable grounds for reconsideration. Initially, the court finds no intervening change in controlling law and no error of law or fact. Additionally, Petitioner's restated arguments regarding his sentence enhancement and attempt to utilize 28 U.S.C. § 2241 for seeking relief do not constitute new evidence that was unavailable when the court determined that it lacked jurisdiction over this action. While Petitioner may disagree with the findings and outcome, the court finds no basis to reconsider the earlier decision. Accordingly, the motion for reconsideration will be denied.

An appropriate order will issue.

                                                    s/Sylvia H. Rambo
                                                United States District Judge

Dated: April 1, 2013.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BERNARD J. KILEY,** | : | **CIVIL NO. 1:12-CV-1266** |
| Petitioner | : | (Judge Rambo) |
| v. | : | |
| **WARDEN MONICA RECTENWALD,** | : | |
| Respondent | : | |

## **O R D E R**

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion for reconsideration (Doc. 10) is **DENIED**.

                                                   s/Sylvia H. Rambo
                                                   United States District Judge

Dated: April 1, 2013.